UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
AT HELENA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 23 2015

JAMES W. McCORMACK, CLERK
By:_____ CLERK

MICHAEL HOBBS,                )
                             )
        Plaintiff,           )
                             )
Vs.                          )        CASE NO. 2:15cv102-DPM
                             )        **JURY DEMANDED**
JANTRAN, INC.                )
                             )
        Defendant.           )        This case assigned to District Judge Marshall
                             )        and to Magistrate Judge Deere

## COMPLAINT

COMES NOW the Plaintiff, Michael Hobbs (hereafter "Plaintiff" or "Mr. Hobbs"), by and through counsel, and sues the Defendant, JANTRAN, Inc. (hereinafter "Defendant"), and for his Complaint would show unto the Court as follows:

1.      Plaintiff is a resident of Grand Rivers, Kentucky.

2.      Plaintiff is an American seaman, and at all times material hereto was a member of the crew of a motor vessel owned, operated, and under the control of the Defendant.  As an American seaman, Mr. Hobbs is authorized to bring this action pursuant to 28 U.S.C. § 1916 without the prepayment of costs or the necessity of depositing security therefore.

3.      That at all times mentioned herein, Defendant was a corporation organized and existing under the laws of the State of Mississippi, with its principal place of business in Mississippi.  Defendant may be served with process by serving its registered agent for service, Thomas B. Janoush, 307 Cotton Row #1, P.O. Box 1448, Cleveland, Mississippi, 38732-1448.  At all times pertinent hereto, Defendant was doing business in the State of Arkansas, and/or was operating a vessel on the Arkansas River within the geographical boundaries of the State of Arkansas.

4.      This Complaint is brought against Defendant pursuant to 46 U.S.C. § 30104 *et seq.*,

the Jones Act, and the general maritime law of the United States.   Jurisdiction is based upon 28 U.S.C. § 1333(1).

## COUNT I

5.      Plaintiff restates and incorporates herein by reference Paragraphs 1-4 above.

6.      That on or about August 10, 2014, the Plaintiff was employed by Defendant as a member of the crew of its vessel, the M/V David Work.   That on or about August 10, 2014, the Plaintiff was working as an Engineer on the M/V David Work, while it was underway on the Arkansas River.   On or about said date, Plaintiff was changing the water filter on the potable water system when the pipe wrench he was using slipped and hit him in the face.   The force of the blow loosened four (4) front teeth, which eventually had to be pulled.

7.      That on or about August 10, 2014, the "Fast System" on the M/V David Work was not operating properly and was leaking water into the bilge producing humidity and making the pipes slick.   The humidity caused by the faulty Fast System caused or contributed to the pipe wrench slipping at the time of the injury.

8.      That on or about August 10, 2014, the water filters to the potable water system were located over-head and situated in such a manner as to make them unreasonably dangerous to access and work on.

9.      That on or about August 10, 2014, the pipe at issue had been painted, causing it to unreasonably slick and dangerous.

10.      That on or about August 10, 2014, the aforementioned circumstances posed an unreasonable risk of injury to the Plaintiff.

11.      That on or about August 10, 2014, the aforementioned circumstances rendered the M/V David Work unsafe, and Defendant failed to provide Plaintiff with a reasonably safe place to work.

12.     That Defendant knew, or should have known, that it was unsafe to continue to operate the M/V David Work without a safely designed water system and a properly operating Fast System.

13.     That when Plaintiff was struck by the pipe wrench, it caused a severe and permanent injury to Plaintiff.

14.     That as a result of being caused to work in unreasonably dangerous conditions, as described herein, the Plaintiff was injured in the following respects:

a)      Plaintiff suffered, among other injuries, the loss of four teeth and facial injuries;

b)      Plaintiff was required to seek and obtain necessary medical treatment, and will be required to seek such treatment in the future, in an effort to be cured and relieved of the effects of his injury;

c)      Plaintiff has incurred financial loss due to lost wages;

d)      Plaintiff has suffered a loss of earning capacity;

e)      Plaintiff has experienced pain, suffering, and extreme emotional distress in the past and will continue to experience the same in the future;

f)      Plaintiff's enjoyment of life has been diminished; and

g)      Plaintiff has suffered permanent disability and impairment as a result of his injuries.

15.     Plaintiff states that his injuries were caused by Defendant, its agents and/or employees, in the following manner, to-wit:

a)      by failing to provide him with a reasonably safe place to work;

b)      by failing to warn him of the dangers involved;

c)      by failing to adequately staff the vessel to which he was assigned;

d)    by failing to adequately train its crew;

e)    by failing to provide the Plaintiff with reasonably safe equipment to complete his work;

f)    by failing to provide the Plaintiff with proper operating systems, such as the Fast System; and

g)    by failing to provide him with a prudent and properly designed vessel.

16.    That the negligent acts set forth herein rendered the vessel unseaworthy as to the Plaintiff.

## COUNT II

17.    Plaintiff restates and incorporates herein by reference Paragraphs 1-16 above.

18.    That under general maritime law, as a result of the injury aforesaid, Plaintiff is entitled to receive from Defendant adequate maintenance and cure benefits, and Defendant should be compelled and ordered to provide and pay for adequate maintenance and cure benefits.   Should Defendant, without good cause, fail and/or refuse to pay Plaintiff such maintenance and cure benefits, despite same having been demanded and/or requested by Plaintiff, Defendant should be ordered to pay damages, actual damages, and punitive damages.

WHEREFORE, Plaintiff, Michael Hobbs, prays as follows:

1.    That he be awarded judgment against Defendant in such proportions as the proof may dictate, damages, actual and special, for personal injuries, together with the cost of prosecuting this cause.

2.    That the Defendant be ordered to provide fair and adequate maintenance and cure benefits to which Plaintiff is entitled, and that Plaintiff be awarded his attorney's fees, and punitive damages, should Defendant fail to do so.

3.    That a jury be empaneled to try the issues when joined.

4

4.     That Plaintiff be awarded such other, further, and general relief which he may appear entitled under the circumstances.

Respectfully submitted,

**BLOOMFIELD & KATZ**

L. JEFF BLOOMFIELD, ESQ.
50 North Front Street, Suite 800
Memphis, Tennessee 38173-0290
(901) 528-1702
lbloomfield@gmlblaw.com

BRIAN S. KATZ, ESQ.
2226 Broadway, Suite 1 P.O. Box 2903
Paducah, Kentucky 42002 2903
(270) 575 3939
brian@brianskatz.com

*ATTORNEYS FOR PLAINTIFF*